IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-03192-RPM

DAVID HERRERA,

    Plaintiff,

v.

ASPHALT SPECIALTIES, INC.,

    Defendant.

_____

ORDER ON MOTIONS
_____

    On June 23, 2014, the defendant filed a partial motion to dismiss the first and second claims for relief in the plaintiff's first amended complaint to the extent that such claims are based on plaintiff's termination and an alleged hostile work environment. The basis for the motion is the failure of the plaintiff to file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of his termination. The plaintiff filed a response on July 15, 2014, together with a motion for leave to file an amended complaint, tendered as Exhibit A to the motion. The defendant filed a reply and a response to the motion for leave to file an amended complaint. The response to the motion for leave to file an amended complaint asserts that paragraphs 18, 28, 29 and 44 appear still to relate to the claims which the plaintiff has conceded are time barred.

    The tendered second amended complaint is confusing. It alleges that David Herrera is a "member of a protected class based upon his national origin-Hispanic." It

also alleges that he is over 40 years old.  It does appear that the plaintiff is claiming discrimination in the failure to rehire him, but he also has alleged demeaning and hostile behavior by his superiors.

In the first claim for relief, alleging age discrimination, the plaintiff asserts a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 and the Colorado Unfair Employment Practices Act, C.R.S. § § 24-34-401, *et seq.*  These are separate claims for relief and the claims must be stated separately because the laws are different.

The second claim for relief alleges race discrimination, also in violation of both state and federal laws and alleges harassment as well as the failure to rehire the plaintiff.  These claims must be stated separately and it is not apparent that the plaintiff is no longer claiming a hostile work environment.  It is not clear whether the plaintiff is claiming race or national origin discrimination.  The second amended complaint is deficient and does not comply with Fed. R. Civ. P. 8.  It is now

ORDERED that the defendant's motion for partial dismissal of the first amended complaint is granted and it is

FURTHER ORDERED that the motion for leave to file the second amended complaint is denied because of the deficiencies noted and it is

FURTHER ORDERED that the plaintiff shall have to and including August 27, 2014, within which to file a second amended complaint.

DATED: August 11th , 2014

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge